UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NEIL J. CONLEY, ) | |
| ) | Case No. 2:10 CV 444 |
| Plaintiff, ) | |
| v. ) | Judge Sargus |
| ) | |
| THE UNITED STATES, ) | Magistrate Judge King |
| U.S. DEPARTMENT OF DEFENSE, ) | |
| U.S. ARMY, ) | |
| SECRETARY OF THE ARMY, JOHN MCHUGH, and ) | |
| PHILIP J. MCGUIRE, ) | |
| in his official capacity as Director, USACRC, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

On March 31, 2011, the Court issued an opinion dismissing Counts I through V as well as Counts VII and IX of the amended complaint. (Doc. No. 38). In addition, the Court dismissed Count VI, except to the extent that it seeks review pursuant to 5 U.S.C. § 552a(g)(1) of the Army's Privacy Act Review Board's denial of Plaintiff's request to amend alleged factual errors in the military police report. The Court also dismissed Count VIII, except to the extent that it alleges that the Army is withholding the requested records on titling statistics. The Department of State was also dismissed as a defendant in this action.

For their answer to the remaining allegations in the amended complaint, Defendants the United States of America, the United States Department of Defense, the United States Army, the Secretary of the Army John McHugh, and the Director of the United States Army's Criminal Investigation Division Command (collectively, "Defendants"), admit, deny and aver as follows:

1.	The allegations contained in paragraph 1 are conclusions of law, recitation of quotations, and Plaintiff's characterization of his case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.	Admit.

3.	Paragraph 3 appears to be a typographic error to which no response is required; to the extent it may be deemed allegations of fact, it is denied.

4.	Deny.  The Department of Defense is located at 1600 Defense Pentagon, not 1400 Defense Pentagon.  Additionally, the zip code is 200301-1600 not 20301-1400.

5.	Deny.  The Department of the Army is located at 104 Army Pentagon, not 1400 Defense Pentagon.  Additionally, the zip code is 20310, not 20301.

6.	Admit that Mr. John McHugh is the Secretary of the Army. However, the Department of the Army is located at 104 Army Pentagon, not 1400 Defense Pentagon. Additionally, the zip code is 20310, not 20301.  The second sentence of paragraph 6 is Plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

7.	Admit.

8.	Deny.  Mr. Philip McGuire is no longer the Director, USACRC.  Mr. McGuire retired February 28, 2011.  Additionally, the USACRC is now located at the Russell Knox Building, 27130A Telegraph Road, Quantico, Virginia 22134.

9-15.	The allegations contained in paragraphs 9 through 15 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2

16. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 15 of Plaintiff's amended complaint.

17-22. The allegations contained in paragraphs 17 through 22 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of information or knowledge sufficient to form a belief as to their truth.

23. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 22 of Plaintiff's amended complaint.

24-26. The allegations contained in paragraphs 24 through 26 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of information or knowledge sufficient to form a belief as to their truth.

27. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 26 of Plaintiff's amended complaint.

28-34. The allegations contained in paragraphs 28 through 34 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 34 of Plaintiff's amended complaint.

36-44. The allegations contained in paragraphs 36 through 44 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 44 of Plaintiff's amended complaint.

46-50. The allegations contained in paragraphs 46 through 50 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 50 of Plaintiff's amended complaint.

52-72. The allegations contained in paragraphs 52 through 72 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

73. The allegations in paragraph 73 are vague and ambiguous; therefore Defendants deny the allegations contained in paragraph 73 for lack of knowledge or information sufficient to form a belief as to its truth.

74-80. The allegations contained in paragraphs 74 through 80 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

81-87. The allegations contained in paragraphs 81 through 87 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of information or knowledge sufficient to form a belief as to their truth.

88-94. The allegations contained in paragraphs 88 through 94 are conclusions of law and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95.	Defendants incorporate by reference and reassert their responses to paragraphs 1 through 94 of Plaintiff's amended complaint.

96-103.	The allegations contained in paragraphs 96 through 103 are conclusions of law, recitations of regulatory quotations, and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

104.	Defendants incorporate by reference and reassert their responses to paragraphs 1 through 103 of Plaintiff's amended complaint.

105-108.	The allegations contained in paragraphs 105 through 108 are conclusions of law, recitations of regulations or other quotations, and Plaintiff's characterization of his case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

109-195.	Paragraphs 110 through 195 constitute Count I of Plaintiff's amended complaint, to which no response is required because Count I was dismissed by the Court.

196-220.	Paragraphs 196 through 220 constitute Count II of Plaintiff's amended complaint, to which no response is required because Count II was dismissed by the Court.

221-304.	Paragraphs 221 through 304 constitute Count III of Plaintiff's amended complaint, to which no response is required because Count III was dismissed by the Court.

305-359.	Paragraphs 305 through 359 constitute Count IV of Plaintiff's amended complaint, to which no response is required because Count IV was dismissed by the Court.

360-393.	Paragraphs 360 through 393 constitute Count V of Plaintiff's amended complaint, to which no response is required because Count V was dismissed by the Court.

394-556.	Paragraphs 394-556 constitute portions of Count VI of Plaintiff's amended complaint to which no response is required because they were dismissed by the Court.

557.	Defendants incorporate by reference and reassert their responses to paragraphs 1 through 556 of Plaintiff's amended complaint.

558.	Admit the allegations contained in paragraph 558 to the extent supported by the referenced exhibits, which are the best evidence of their contents; otherwise deny the allegations and Plaintiff's characterization of the exhibits contained in paragraph 558.

559.	The allegations contained in paragraph 559 are conclusions of law and Plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

560.	The allegations contained in paragraph 560 are conclusions of law and Plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

561.	The allegations contained in paragraph 561 are conclusions of law and Plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

562-617.	Paragraphs 562-617 constitute portions of Count VI of Plaintiff's amended complaint to which no response is required because they were dismissed by the Court.

618-660.	Paragraphs 618 through 660 constitute Count VII of Plaintiff's amended complaint, to which no response is required because Count VII was dismissed by the Court.

661-711.	Paragraphs 661-718 constitute portions of Count VIII of Plaintiff's amended complaint to which no response is required because they were dismissed by the Court.

712.	Admit the allegations contained in paragraph 712 to the extent it restates the referenced article; otherwise deny the allegations and Plaintiff's characterization of the article contained in paragraph 712.

713.  Admit the allegations contained in paragraph 713 to the extent supported by the referenced exhibit, which is the best evidence of its contents; otherwise deny the allegations and Plaintiff's characterization of the exhibit contained in paragraph 713.

714.  Admit the allegations contained in paragraph 714 to the extent supported by the referenced exhibit, which is the best evidence of its contents; otherwise deny the allegations and Plaintiff's characterization of the exhibit contained in paragraph 714.

715.  The allegations contained in paragraph 715 are conclusions of law and Plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

716.  Admit the allegations contained in paragraph 716 to the extent supported by the referenced exhibit, which is the best evidence of its contents; otherwise deny the allegations and Plaintiff's characterization of the exhibit contained in paragraph 716.

717.  Admit the allegations contained in paragraph 717 to the extent supported by the referenced exhibit, which is the best evidence of its contents; otherwise deny the allegations and Plaintiff's characterization of the exhibit contained in paragraph 717.

718.  The allegations contained in paragraph 718 are conclusions of law and Plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

719-728.  Paragraphs 719 through 728 constitute Count IX of Plaintiff's amended complaint, to which no response is required because Count IX was dismissed by the Court.

729.  Defendants deny generally each and every allegation of the amended complaint not specifically admitted, qualified, or denied herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

2. Defendants responded to Plaintiff's FOIA request set forth in Count VIII rendering it moot.

3. Plaintiff's amended complaint fails to establish any basis for an award of costs, expenses, or attorneys' fees.

WHEREFORE, Defendants' respectfully request the Court dismiss, at Plaintiff's cost, the remaining counts in Plaintiff's amended complaint.


Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/ Mark T. D'Alessandro
s/ Bethany J. Hamilton
MARK T. D'ALESSANDRO (0019877)
BETHANY J. HAMILTON (0075139)
Assistant United States Attorneys
Attorney for Defendants
303 Marconi Boulevard, Suite 200
Columbus, Ohio  43215
Phone:  (614) 469-5715 / Fax:  (614) 469-5240
Email: mark.dalessandro@usdoj.gov
Email: bethany.hamilton@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>April 20, 2011</u>, a true and correct copy of the foregoing document was served via U.S. mail to the following:

        Neil J. Conley
        Plaintiff, *pro se*
        6755 Sugargrove Road
        Chandlersville, OH 43727

                <u>s/ Bethany J. Hamilton</u>
                BETHANY J. HAMILTON (0075139)
                Assistant United States Attorney