UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEIL. J. CONLEY,

    Plaintiff,

v.

THE UNITED STATES, et al.,

    Defendants.

Case No. 2:10-cv-444
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is presently before the Court on Plaintiff's Motion for the Court to Address his Request for Relief Under the Administrative Procedure Act (Doc. No. 64), which is **DENIED**, Plaintiff's Motion for Summary Judgment Addendum (Doc. No. 67), which is **DENIED AS MOOT**, Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment Addendum (Doc. No. 71), which is **DENIED AS MOOT**, Plaintiff's Motion to Correct Factual Error Made by Court (Doc. No. 75), which is **GRANTED**, and Plaintiff's Motion to Expedite Request for Information (Doc. No. 76), which is **DENIED AS MOOT**.

### I. BACKGROUND

On May 19, 2010, Plaintiff filed his 194 page complaint and its 106 Exhibits consisting of 1048 pages. (Doc. No. 2.) Plaintiff amended his complaint on July 29, 2010. (Doc. No. 17.)

Defendants moved to dismiss Plaintiff's amended complaint in its entirety. (Doc. No. 20.) Plaintiff moved for summary judgment twice. (Docs. No. 8, 14.) Defendants filed a cross

upon that potential claim. As Defendants correctly note, "'[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it.' *Resolution Trust Corp. V. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). 'Rather the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.' *Id.*" (Doc. No. 66 at 2–3.)

The Court's denial of Plaintiff's Motion for the Court to Address his Request for Relief Under the Administrative Procedure Act renders moot Plaintiff's Motion for Summary Judgment Addendum (Doc. No. 67), Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment Addendum (Doc. No. 71), and Plaintiff's Motion to Expedite Request for Information (Doc. No. 76).

The last motion pending is Plaintiff's Motion to Correct Factual Error Made by Court (Doc. No. 75), in which Plaintiff points out that the Court mistakenly referred to Plaintiff's blood alcohol level listed in the Military Police Report as .07% instead of .03%. The Court will forthwith issue a *nunc pro tunc* order correcting this mistake. Defendants, recognizing the Military Police Report's mistake has already voluntarily amended the Report by changing Plaintiff's blood alcohol level listed in the report from .07% to .03%. (Doc. No. 77.)

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for the Court to Address his Request for Relief Under the Administrative Procedure Act (Doc. No. 64), **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment Addendum (Doc. No. 67), **DENIES AS MOOT** Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment Addendum (Doc. No. 71), **DENIES AS MOOT** Plaintiff's Motion to Expedite Request for Information

4

motion for summary judgment (Doc. No. 25), and Plaintiff moved for sanctions (Doc. No. 27). On March 31, 2011, this Court denied Plaintiff's motion for sanctions, dismissed without prejudice the parties' motions for summary judgment, and denied in part and granted in part Defendants' motion to dismiss. (Doc. No 38.) With regard to the motion to dismiss, the Court dismissed all counts except part of Plaintiff's sixth claim for relief and part of his ninth claim for relief.

The parties later moved for summary judgment on Plaintiff's two remaining claims (Doc. No. 56, 57), which this Court granted in part and denied in part (Doc. No. 74). Specifically, the Court's Opinion and Order stated that the Court:

    1. **GRANTS** Defendants' motion as it relates to Plaintiff's Freedom of Information Act claim.

    2. **GRANTS** Defendants' motion as it relates to the portion of Plaintiff's Privacy Act claim based upon the alleged inaccuracies in the Disciplinary Report and **DENIES** Plaintiff's motion as it relates to this claim.

    3. **GRANTS** Defendants' motion as it relates to the portion of Plaintiff's Privacy Act claim based upon the alleged inaccuracy in the Military Police Report related to his blood alcohol level and **DENIES** Plaintiff's motion as it relates to this claim.

    4. **GRANTS** Defendants' motion as it relates to the portion of Plaintiff's Privacy Act claim based upon the alleged inaccuracies in the Military Police Report related titling and **DENIES** Plaintiff's motion as it relates to this claim.

    5. **DENIES** Defendants' motion for summary judgment as it relates to the portion of Plaintif's Privacy Act claim based upon the alleged inaccuracy related the timing of the events that occurred at the altercation and **GRANTS** Plaintiff's motion as it relates to this claim. The Army is **DIRECTED** to amend the narrative in Plaintiff's Military Police Report as outlined *supra*.

    The Court, therefore, **AFFIRMS IN PART AND REVERSES IN PART**

> the Review Board's denial of Plaintiff's request to amend the Military Police
> Report in accordance with this Opinion and Order.

(Doc. No. 74 at 13-14.)

As a result of that Opinion and Order, the case was complete except for Defendants' compliance with the order related to amending the Military Police Report and the Court considering the remaining pending motions. Defendants filed their Notice of Compliance with Court Order, in which they have affirmed that they have complied with this Court's order. (Doc. No. 77.) The Court now considers the remaining pending motions in this case.

## II. ANALYSIS

Initially, the Court denies Plaintiff's Motion for the Court to Address his Request for Relief Under the Administrative Procedure Act. (Doc. No. 64.) This Court has specifically dealt with each of Plaintiff's nine claims for relief in its two decisions on the parties' dispositive motions. (Docs. No. 38, 74.) Plaintiff now contends that there is a claim that has been overlooked. This Court disagrees. Plaintiff's 197 page amended complaint set forth nine claims for relief. In those nine claims, Plaintiff moved under the Privacy Act, 5 U.S.C. § 552a and the Freedom of Information Act, 5 U.S.C. § 552. (Doc. No. 14 at 4–6.) While Plaintiff, a licensed attorney, mentions the Administrative Procedures Act at times in his amended complaint, he did not do so in listing his nine claims for relief, nor has he previously made any arguments related to this purported claim.

Even if the Court were able to parse through the voluminous amended complaint and find support for Plaintiff's contention that there is a claim in it that was not addressed in two rounds of dispositive motions briefing, Plaintiff would still not be permitted to re-start this case based

3

(Doc. No. 76), and **GRANTS** Plaintiff's Motion to Correct Factual Error Made by Court (Doc. No. 75).

The Court **DIRECTS** the Clerk to docket the forthcoming *Nunc Pro Tunc* Order and then to **ENTER FINAL JUDGMENT** in accordance with this Opinion and Order and the Court's January 20, 2012, Opinion and Order.

**IT IS SO ORDERED.**

8-20-2012
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

5